## Commonwealth ex rel. Appellant *v.* Overholt.

*Receiver—Corporation—Custody of property.*

The effect of the appointment of a receiver is to remove the parties to the suit from the possession of the property, but at the same time the right to the property is in no way affected by such appointment and the receiver merely holds the property as a custodian for the benefit of him who may be ultimately entitled to it.

A corporation is not extinguished by the appointment of a receiver and it may after such appointment hold meetings and elect officers, without leave of the court.

Argued Dec. 10, 1902. Appeal, No. 172, Oct. T., 1902, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1902, No. 3396, in quo warranto in case of Commonwealth ex rel. Charles A. Page v. William L. Overholt. Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for writ of quo warranto.
The facts are stated in the opinion of the Superior Court.
The court entered judgment for respondents.

*Error assigned* was the judgment of the court.

*George Henderson,* with him *William J. Lawson* and *C. Wilson Roberts,* for appellant.—The appointment of a receiver was the virtual dissolution of the corporation: Kincaid v. Dwinelle, 59 N. Y. 548; Robinson v. Atlantic & Great Western Ry. Co., 66 Pa. 160 ; Thompson v. McCleary, 159 Pa. 189.

In the present case the decree entered in the equity proceeding was so broad as to put in legal custody all the rights, privileges, franchises, or immunities of the corporation, suspending them for the time being.    Anyone believing that certain rights, privileges, franchises or immunities should not so remain, should have petitioned the court appointing the receivers praying for special permission to exercise them in holding an election.

*James H. Wolfe* and *B. Franklin Fisher*, for appellees.—The authorities are legion, that the appointment of receivers of a corporation do not dissolve the corporation or interfere with it to exercise all necessary powers to preserve its entity or even to protect it from being sued : Kirkpatrick v. State Board of Assessors, 57 N. J. Law, 53 (29 Atl. Repr. 442) ; Allen v. Olympia Light & Power Co., 13 Wash. 307 (43 Pac. Repr. 55) ; Taylor v. P. & R. R. R. Co., 7 Fed. Repr. 381 ; Ohio, etc., R. R. Co. v. Russell, 115 Ill. 52 (3 N. E. Repr. 561) ; Auburn Button Co. v. Sylvester, 68 Hun, 401 (22 N. Y. Supp. 891) ; State v. Merchant, 37 Ohio, 251 ; People v. Twaddell, 18 Hun, 427.

OPINION BY ORLADY, J., May 22, 1903 :

This is a proceeding in the nature of quo warranto through which the relators seek to be continued in the offices of president, vice president, etc., of a society incorporated under the laws of this commonwealth.

From the record it appears that at a convention which convened at Wilmington, Del., in February, 1900, the relators were duly elected to their respective offices.    It further appears that at this convention a resolution was unanimously adopted fixing Carlisle, Pa., as the place for holding the annual meeting for the year 1901.    Prior to the meeting at Carlisle a bill in equity was filed against the association, in which a receiver was prayed for, and a decree was entered therein on March 17, 1901, the important part of which, as far as it affects this case, is as follows :    " 6. The said defendant, corporation, its officers, directors, managers, committees, agents and employees are hereby enjoined from retaining or taking possession of any money, assets or property belonging to the said defendant cor-

poration and from transferring, delivering or assigning any of the assets, property, books, papers, franchises, rights and privileges of the said defendant corporation to any person or persons except to the said receivers, and from collecting or receiving any of the money, assets, securities or property of the said defendant corporation."

The appellants frankly state in their argument, as follows: " The whole question turns on the validity of the convention at Carlisle in 1901 ; if this was a rump convention then under the common law the old officers hold over until their successors are duly elected and qualified; if the Carlisle convention was legal that is an end to the relator's case."

It appears that the proceedings at Carlisle were regular as far as they relate to the time and place of meeting, and that the persons who acted were duly qualified as members of the convention. After the election of a full corps of new officers, in accordance with the usage and custom of the association, Bethlehem, Pa., was selected as the place for the annual meeting of 1902, and the Carlisle meeting was adjourned to meet at Bethlehem on May 6, 1902, at which time and place, after all members had legal notice, a full majority of all the constituent members of the association met in their annual meeting and fully ratified the action of the convention held at Carlisle on May 7, 1901, and elected officers to serve for the ensuing year.

The effect of the appointment of a receiver is to remove the parties to the suit from the possession of the property, but at the same time the right to the property is in no way affected by such appointment and the receiver merely holds the property as a custodian for the benefit of him who may be ultimately entitled to it: Bispham's Principles of Equity, section 579. The fact that a receiver is appointed does not destroy the existence of the corporation, which must be preserved for many purposes, and the decree entered by the court, as above quoted, was not violated in any way by electing officers to continue the corporate life of the association under its by-laws. The appointment of the receiver superseded the power of the officers to carry on the business of the association, as the receiver was required to take possession of the books, records, and assets of every description, but the corporate franchise of the association was not dissolved, and, as a legal entity it continued to exist:

Bank of Bethel v. Pahquioque Bank, 81 U. S. 383 ; 14 Wallace, 383 ; 5 Thomp. on Corp. sec. 6666.   Both the Carlisle and Bethlehem meetings were regularly called and those entitled to participate were notified.   However without regard to the Carlisle meeting, the ratification at the Bethlehem meeting of what was done the previous year at Carlisle would justify the decree entered by the court below.   After due notice to all members there was held an actual meeting of members who constituted more than a quorum, and a majority of that quorum was competent to elect officers and preserve the corporation in form.   The corporation was composed of an indefinite number of persons and a majority of those present acted within the authority granted in the by-laws: Craig v. First Presbyterian Church, 88 Pa. 42 ; Juker v. Commonwealth ex rel. Fisher, 20 Pa. 484.

The assignments of error are overruled and the decree entered by the court below is affirmed.