## Schipper Bros. Coal Mining Co., Appellant, *v.* Economy Domestic Coal Co.

*Equity—Receiver—Effect of appointment—Corporations—Cross-bill by president—Permission of court—Specific performance—Partial—Continuing order to observe behavior of parties—Coal mining—Sale of coal.*

1. On appointment of a receiver of a corporation, all the company's interests are in custody of the law.

2. Such appointment is equivalent to an injunction to restrain the officers of the company from intermeddling with its property in any way.

3. After the appointment, the president of the corporation has no right, without permission of the court, to file a cross-bill in the suit by which the receiver was appointed. The dismissal of such cross-bill will not prevent defendant or dissatisfied stockholders from contesting the appointment of the receiver on plaintiff's bill.

4. Where one of two equal owners of stock of a corporation is shown to be endeavoring to manipulate the company so as to wrest its property out of its hands, the other owners may maintain a bill for a disinterested receiver even though the company is solvent; and if the parties cannot come to an agreement, a sale may be ordered.

5. A court of equity has no power to make a decree for partial specific performance of a contract and to make a continuing order in the nature of an interlocutory decree to observe the behavior of the parties.

6. Where special and peculiar reasons exist, specific performance of a contract for sale of chattels will be enforced.

7. Specific performance of a contract for the sale of coal will be enforced, where, through the vendee's solicitation, the vendor has been placed in such a position that he cannot market it elsewhere.

8. A court of equity cannot rewrite a contract because a foolish bargain has been made.

Argued March 5, 1923. Appeal, No. 223, Jan. T., 1923, by plaintiff, from decree of C. P. Bedford Co., Sept. T., 1922, No. 1, on bill in equity, and cross-bill, in case of Schipper Brothers Coal Mining Co. v. Economy Domestic Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Bill for receiver and cross-bill. Before BAILEY, P. J. The opinion of the Supreme Court states the facts. Decree for defendant. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Francis Shunk Brown,* of *Brown & Williams,* with him *A. Carson Simpson, Alvin L. Little* and *Berry, Buckman & Lovejoy,* for appellants.—A chancellor may not order temporary specific performance, for an indefinite period,

of a contract, for the sole purpose of "observing the conduct of the parties."

Temporary specific performance will not be ordered, at the instance of a party admittedly in default: Pittsburgh Steel Foundry v. Steel Co., 223 Pa. 430; Rugg v. Moore, 110 Pa. 236; Easton v. Jones, 193 Pa. 147; Hurt v. Canneries Co., 269 Pa. 85; Chandler v. Chandler, 220 Pa. 311.

The contract was for the sale of chattels and cannot be specifically enforced: Monongahela Coke Co. v. Forsythe, 31 Pitts. L. J. 398; Marble Co. v. Ripley, 10 Wall. 339; Pennock v. Freeman, 1 Watts 401.

A chancellor may not entertain pleadings filed in the name of a corporation, by its president, wholly without authority, and while it is in the hands of a receiver: Blum Bros. v. Bank, 248 Pa. 148; Gravestine's App., 49 Pa. 310; Treat v. Ins. Co., 199 Pa. 326; Com. v. Overholt, 23 Pa. Superior Ct. 199.

*James S. Woods,* with him *Layton M. Schoch* and *B. F. Madore,* for appellees.—The contract was enforceable: Pittsburgh v. Rys. Co., 234 Pa. 193; Phila. Ball Club v. Lajoie, 202 Pa. 210; Strause v. Berger, 220 Pa. 367.

The president had power to file the cross-bill: Campbell v. Bridge, 23 Pa. Superior Ct. 138; Greenboro Gas Co. v. Oil & Gas Co., 222 Pa. 4.

OPINION BY MR. JUSTICE KEPHART, April 16, 1923:

A temporary receiver was appointed by the court below on bill filed by plaintiff; possession of all assets, property and rights of the corporation were transferred to the receiver; thereafter all company interests were in the custody of the law. Without the consent of the court first obtained, defendant's president, in the name of defendant, filed a cross-bill against appellant, praying for specific performance of a contract to deliver to appellee the total output of certain mines it operated. On hearing, the court below found defendant in default,

ordered partial performance, defendant to pay plaintiff $25,000, one-half to be paid by Lineaweaver, a stockholder and defendant's president, and the other half, evidenced by a note, to be paid by defendant to plaintiff in one year.

The court below further ordered that no final decree would be made until the court had an opportunity to observe the behavior of the parties with relation to that "interlocutory order" and to its preliminary decree requiring for the present specific performance. The receiver was dismissed and an accounting ordered. We will treat the order as final and dismiss appellee's petition to quash.

It may be stated plaintiff and Lineaweaver were equal owners of defendant's stock. This company was to take all of plaintiff's output, and was to pay for it the cost of mining and a specified profit. Defendant had both plaintiff and Lineaweaver as selling agents, and plaintiff and defendant each contributed $25,000, one-half the cost, to erect the "coal breaker." It is the only plant or business with which defendant is connected. Charges of overreaching in plaintiff's cost price for mining coal resulted in a serious dispute that reached the court for settlement. Some of these charges were eliminated, and the amount ordered paid was adjudged as the sum due plaintiff. The special criticism in this appeal is to the character of the decree and the right of the court to entertain the cross-bill.

Defendant, without leave of court, had no capacity in which to sue plaintiff on cross-bill. Its corporate capacity and rights were transferred to and in the control of the court, through the receiver. While it is true, certain powers are left in the corporation after the appointment of a receiver (Com. v. Overholt, 23 Pa. Superior Ct. 199, 201), the appointment, though temporary, is equivalent to an injunction to restrain these officers from intermeddling with its property in any way: Gravenstine's App., 49 Pa. 310, 321; Treat v. Pa. Mut. Life Insurance Co., 199 Pa. 326, 330. The effect of the appointment is "to remove those in charge of the management of

the corporation and to place the receivers in possession and control of its business and assets": Blum Bros. v. Girard National Bank, 248 Pa. 148, 156. Lineaweaver, as defendant's executive officer, being its president, claimed the right as such officer to file the cross-bill; but this could not be done under the decree appointing the receiver; as an officer, he had no rights, apart from those of the company, and its rights and effects were then in custody of the law.

The court below was in error in not dismissing the cross-bill, filed without leave. This would not deprive defendant, or the stockholders who were dissatisfied, from contesting the validity of the appointment of the receiver on plaintiff's bill. As there is nothing before us to enable us to pass on this matter, we refrain from discussing it at greater length, leaving the question open for further action if there is a desire to contest the receivership.

The court below was wholly without power to make a decree for partial specific performance of a contract and to make a continuing order in the nature of an interlocutory decree to observe the behavior of the parties. We know of no principle in the law to sustain such decrees. If defendant, on its cross-bill, was entitled to specific performance, it was entitled to it outright, unattached to unusual terms and conditions not contemplated by the parties when their engagement was made.

While the court below erred in making an interlocutory decree, granting partial specific performance to continue until it observes the behavior of the parties, it should not be criticised for its effort in this regard, as it was intended to settle a difficult situation. That its judgment was inaptly administered is not to be attributed to a desire on the part of the judge to exercise parental control over a purely business undertaking, but to a belief that the court was administering substantial justice, though abstractly, and in part at least to a belief that it was within the wishes of the parties; but in this the court was mistaken,

Specific performance is given solely because there is no adequate remedy at law, no definite standard being there offered by which damages could be measured or justice made as perfect or complete as in equity. It is generally confined to sales of real estate and chattels of a unique nature. There are exceptions to this rule, however, and illustrations may be found in the decisions of this court. Here we have a coal breaker erected on land owned and entirely surrounded by other land of plaintiff. It is built along the side of a mountain, where the coal is brought on a level, with the top at a height of ninety feet, and passes through various compartments to the bottom. The breaker is dependent on plaintiff's mines to operate, as coal from other lands is not available. A way of necessity, even if obtainable to procure other coal, would be of no use from an economic point of view, as its cost would be prohibitive. It was placed in this position principally at plaintiff's solicitation. Under this state of facts, the case would be squarely within the rule that where a peculiar and special reason exists, specific performance of a contract for sale of a chattel would be enforced. This is borne out by the case of Vail v. Osburn, 174 Pa. 580; Pittsburgh v. Pittsburgh Railways Co., 234 Pa. 193. See also Strause v. Berger, 220 Pa. 367; Curtice Bros. Co. v. Catts, 72 N. J. Eq. 831; Mechanics Bank of Alexandria v. Seton, 1 Peters (U. S.) 299, 305; Mutual Oil Co. v. Hills, 248 Fed. 257. On a proper bill, specific performance of this contract was for the court's consideration.

But we have the fact found that $25,000 was due plaintiff, and, until that sum was paid according to the terms of the agreement, defendant was not entitled to a decree for either temporary or permanent specific performance. The court below could not direct payment of the default in the manner indicated in the decree. While it is true an element of cost was improperly included in the charge that made up the default, a default had been found to

exist, and specific performance could not be decreed as long as it continued.

Lineaweaver, a stockholder and half owner of defendant company, claims plaintiff is, in effect, trying to squeeze defendant out of its property through excessive or unreasonable charges for mining, as selling agent fixing the sale price below the cost, and through the location of the breaker,—all these things tending to make it impossible to operate the breaker at profit with this or other coal. The continuance of such conduct will shortly wrest the property from defendant and place it in plaintiff's hands. But if this wrong was threatened, and the receivership created by plaintiff's bill had not been in existence, a stockholders' bill might have been instituted by the Lineaweaver interests wherein these circumstances could have been detailed, though the corporation itself was not insolvent. Because of these facts, and the dissension among the stockholders, its business could not be transacted except with serious loss. Indeed, equal ownership and disagreement would work the same end. The court should therefore appoint a disinterested party as receiver to conduct the affairs of the corporation. Favorable results might thus be brought about: Cowan v. Pa. Plate Glass Co., 184 Pa. 1, 9. It is not to be expected the court would continue this condition indefinitely. It can very properly call the parties together and fix a reasonable time when the affairs of the corporation will be turned over to the stockholders for management. If it then transpires that the previous difficulties have not been eliminated, but would only be continued, and the company could not operate without loss, it will direct a sale of the property and distribution of the proceeds.

If defendant's stockholder is still aggrieved because of the lease said to be improvidently made, or because of any imposition herein mentioned, all that is necessary is to appear before the court below, through plaintiff's

bill, and make the facts known. An investigation will be promptly ordered, and the receiver will be directed to take steps to rectify any wrong that may be threatened or any damage that defendant may be suffering. The court below will not permit an imposition that can be avoided to be practiced by any party in interest.

While this defendant was amply protected by the appointment of the receiver, stockholder Lineaweaver must perform his part if he is to obtain any substantial benefit through his complaint. Moreover, the court must not be expected to rewrite the contract because a foolish bargain has been made. Courts will prevent overreaching when it is brought within their judicial cognizance; otherwise the parties must depend on their own abilities to cope with matters of this kind.

For the reasons stated, the decree of the court below is reversed, the record is remitted with directions to strike off the cross-bill, reinstate the temporary receiver, and that further proceedings be had in accordance with equity practice; costs to be paid by appellee.