621 P.2d 916

Jack JOHNSON and Betty Johnson his wife, Plaintiffs/Appellants/Cross Appellees,

v.

Parke T. GILBERT and Elaine B. Gilbert, his wife, Defendants/Appellees/Cross Appellants.

No. 2 CA–CIV 3455.

Court of Appeals of Arizona, Division 2.

Sept. 19, 1980.

Rehearing Denied Dec. 17, 1980.

Gillenwater & Meyers, P.C. by Powell B. Gillenwater and Howard C. Meyers, Phoenix, for plaintiffs/appellants/cross appellees.

Henry, Kimerer & LaVelle by Michael J. LaVelle and Michael P. Stark, Phoenix, Stanfield, McCarville, Coxon, Cole & Fitzgibbons by William A. Stanfield, Casa Grande, for defendants/appellees/cross appellants.

## OPINION

HATHAWAY, Chief Judge.

The parties to this suit formed a joint venture for the purpose of developing land in Pinal County. Their relationship soured when an alleged oral contract by the defendant to convey land to the corporation set up by both parties was breached. After a jury awarded damages to the plaintiffs, the trial court reduced the verdict as an offset for debts owed by the plaintiffs upon dissolution of the joint venture. Both parties have appealed.

Plaintiff Jack Johnson, a Casa Grande building contractor, and defendant Parke T. Gilbert, the owner of property in Pinal County, met in 1971 and agreed to develop the property in a joint venture. A central part of the joint venture involved the formation of Palm Parke Development Corporation, which the parties intended to use as an instrumentality of the joint venture. The close corporation was owned and controlled by the parties on a 50–50 basis. In a discussion held in an automobile near Casa Grande, the defendant orally agreed to give the corporation the right to purchase his farm property for $2,000 per acre as the development progressed. Initially, defendants transferred 15 acres of land to the corporation in return for 50% of the stock. Defendants sold another 15 acres to the

corporation shortly after this transfer. Plaintiffs received the other 50% of the stock in return for the use of their construction equipment.

The corporation operated actively for approximately two years, developing the original acreage and preparing to develop much of the defendants' remaining land. The parties authorized rezoning, planning and engineering studies as part of developing a master plan for the area. A subdivision of single-family homes and townhomes was planned and an active marketing program was pursued. The corporation formed real estate and insurance brokerage divisions. Eventually, plaintiffs sought the transfer of additional acreage to the corporation under the terms of the oral agreement. The parties could not agree on payment terms, and the defendants refused to transfer any more land to Palm Parke for purposes of development. A deadlock ensued, and Gilbert formed two new corporations shortly thereafter and attempted to continue the development plan.

Plaintiffs brought an action for specific performance of the oral agreement, money damages for breach of fiduciary duty and diversion of corporate assets, and an equitable accounting of assets and dissolution of the corporation. The trial court granted defendants' motion for directed verdict with respect to the specific performance counts, and they are not before us on appeal. After trial, the jury returned a verdict for the plaintiffs for $90,000 on the legal claims. The parties then submitted legal memoranda to the court on the remaining equitable issue. After oral argument, the trial court determined, in light of the jury's answer to a special interrogatory, that the business relations between the parties should be governed by joint venture principles. By the trial court's computation, plaintiffs were personally liable to defendants for one-half of the corporation's indebtedness to the defendants which, after an offset for a real estate asset, amounted to $37,000. This was subtracted from the jury verdict, and the court entered a final judgment in favor of the plaintiffs for $53,-

000 as the final adjustment of all the rights and liabilities of the parties.

Plaintiffs contend on appeal that the jury properly considered all debts between the parties in reaching its verdict, and that the reduction of the verdict for the joint venture's debts amounted to a double offset. Defendants, on cross appeal, maintain that the parties' discussions concerning the sale of land which formed the basis of the development were incomplete and barred by the Statute of Frauds.[1] For the reasons which follow, we reverse and remand for a final accounting and winding up of the joint venture.

■■■ Initially, we address some preliminary issues not raised by either party on appeal. First, this action was brought individually by the Johnsons, 50% shareholders in the corporation, rather than derivatively on behalf of the corporation. Because the corporation was closely held by only the plaintiffs and defendants, they operated more as partners than in strict compliance with the corporate form. In such circumstances, the plaintiffs had standing, both derivatively and directly, to sue on the alleged contract and for an accounting. *Dresden v. Willock*, 518 F.2d 281 (3d Cir. 1975); *Funk v. Spalding*, 74 Ariz. 219, 246 P.2d 184 (1952). Generally, a stockholder may not bring an action in his own right, for such an action would authorize multitudinous litigation and ignore the corporate entity. *Funk v. Spalding*, supra. In this case, on the other hand, no such danger exists where there are only two groups of stockholders, and the exception recognized in *Dresden* and *Funk* applies.

Second, the record reveals that the trial court and the parties treated the assets of Palm Parke Development Corporation under partnership law principles. We find no error in this regard. A court may, in the case of intercorporate deadlock with two factions each owning half of the stock, look beyond the corporate form and equitably divide the corporate assets under partnership principles. *Wofford v. Wofford*, 129 Fla. 445, 176 So. 499 (1937); *Kay v. Key West Development Co.*, 72 So.2d 786 (Fla. 1954); *Urnest v. Forged Tooth Gear Co.*, 102 Ill.App.2d 178, 243 N.E.2d 596 (1968). Even if this case were treated under close corporation law principles, liquidation of the assets would be proper in case of a deadlock which both parties admit exist. A.R.S. § 10–215(1)(b), (d).

Under the circumstances of this case, we believe the reasoning in partnership law cases that one partner may not sue the other at law with respect to partnership transactions except after a full accounting in equity has been had, applies. *Bohmfalk v. Vaughan*, 89 Ariz. 33, 357 P.2d 617 (1960); *Jacob v. Cherry*, 65 Ariz. 307, 180 P.2d 217 (1947); *Bertozzi v. Collaso*, 21 Ariz. 388, 188 P. 873 (1920). In general, the substantive law of partnerships applies in determining the rights and liabilities of joint venturers. *Wood v. Western Beef Factory, Inc.*, 378 F.2d 96 (10th Cir. 1967). Before any damages claims between plaintiffs and defendants were submitted to a jury, their partnership business accounts should have been settled.

There is evidence that some accounting had been made between the parties prior to trial, but it was attacked as insufficient by the plaintiffs and cannot be considered a final winding up and settlement of the joint venture's affairs. The fact that the parties did not argue the issue of final accounting until after the jury trial was completed belies the contention that a final accounting had been accomplished prior to trial. The trial court therefore erroneously allowed the jury to render a verdict for money

---

1. A.R.S. § 44–101 provides in part:

   "No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

   \*   \*   \*   \*   \*   \*

   ، 6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged."

damages, instead of directing an accounting between the parties. *Jacob v. Cherry*, supra.

We now turn to the issue of whether the oral agreement to convey the defendants' land was enforceable. Although this issue formed the basis of the improper arguments on damages below, it is still relevant to the accounting.

Defendants argue that the discussions in the automobile prior to formation of the corporation were incomplete, and that a contract was never formed. The question of contract formation must be resolved before the Statute of Frauds applies as a defense. For example, before the doctrine of estoppel can be invoked as a defense to the statute, there must be competent proof of the existence of the oral contract. *Gene Hancock Construction Co. v. Kempton & Snedigar Dairy*, 20 Ariz.App. 122, 510 P.2d 752 (1973).

The issue of contract formation was argued to the jury below, which returned a verdict for the plaintiffs. Reviewing the evidence in the light most favorable to this verdict, *Miller v. Schafer*, 102 Ariz. 457, 432 P.2d 585 (1967), we hold an oral agreement was reached for the conveyance of the defendants' land.

Arizona's Statute of Frauds provides that no action shall be brought upon an agreement for the sale of real property unless that agreement, or some memorandum thereof, is in writing and signed by the party to be charged.[2] The plaintiffs admit that the land sales agreement is not in writing, but contend that the Statute of Frauds is inapplicable for three reasons.

■ First, they assert that since this contract is an oral joint venture agreement for the acquisition, development and sale of real property, it is not within the statute, citing *Eads v. Murphy*, 27 Ariz. 267, 232 P. 877 (1925), and *Ellingson v. Sloan*, 22 Ariz. App. 383, 527 P.2d 1100 (1975). These cases do not apply to the facts before this court. They involve contracts entered into between joint venturers concerning distribu-

tion of profits or compensation derived from the sale of land. As such, the contracts are not for the sale of real property, as is the contract between plaintiffs and defendants in this case. The majority rule, which we adopt, is that a contract requiring a transfer of land from one partner or joint venturer to another is within the Statute of Frauds. 2 A. Corbin, Contracts, § 411 (1950 & Supp.1971); *Plummer v. Fogley*, 363 P.2d 238 (Okla.1961).

■ Second, plaintiffs argue the oral agreement was taken out of the statute by part performance. Our Supreme Court has held that notwithstanding the procedural merger of law and equity, the equitable doctrine of part performance does not apply where money damages are sought. *Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970); *Evans v. Mason*, 82 Ariz. 40, 308 P.2d 245 (1957). Plaintiffs' specific performance counts, to which part performance could apply as a defense to the Statute of Frauds, did not survive the defendants' motion for a directed verdict. Additionally, we note that the contract was not reasonably capable of being performed within one year.

■ Third, plaintiffs contend that the defendants are estopped from asserting the Statute of Frauds. They rely upon both equitable and promissory estoppel. The distinction is that equitable estoppel refers to reliance on a representation of some present or past fact, while promissory estoppel rests upon a promise to do something in the future. *Trollope v. Koerner*, supra. The agreement herein related strictly to promises of action in the future, and thus equitable estoppel is not available as a defense. *Tiffany, Inc. v. W.M.K. Transit Mix, Inc.*, 16 Ariz.App. 415, 493 P.2d 1220 (1972).

The principle of promissory estoppel is set forth in Restatement of Contracts, § 90 (1932):

"A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and

2. See Footnote 1, supra.

which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."

The issue before us is whether promissory estoppel can be used to avoid the Statute of Frauds in the instant case. Some jurisdictions have held that while equitable estoppel is a defense to the statute, promissory estoppel is inapplicable, for the net effect would be to repeal the statute completely. *Sinclair v. Sullivan Chevrolet Co.*, 45 Ill.App.2d 10, 195 N.E.2d 250, aff'd 31 Ill.2d 507, 202 N.E.2d 516 (1964). Division One of this court rejected this harsh rule and has held that promissory estoppel may be used to preclude the defense of the statute, but only when there has been (1) a misrepresentation that the statute's requirements have been complied with, or (2) a promise to make a memorandum of the agreement. *Tiffany, Inc. v. W.M.K. Transit Mix, Inc.*, supra, quoting *21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement System*, 432 F.2d 64 (5th Cir. 1970), cert. den. 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971). *See*, Restatement of Contracts, § 178, Comment f (1932). This approach has been praised as providing "a reasonable balance between the two doctrines—encouraging businessmen to reduce their agreements to writing while mitigating the harsh effects which unswerving adherence to the Statute of Frauds might produce." *C.R. Fedrick, Inc. v. Borg-Warner Corp.*, 552 F.2d 852, 856–857 (9th Cir. 1977).

Because the defendants did not promise to commit the oral agreement to writing, promissory estoppel is not available to the plaintiffs as a defense to the Statute of Frauds. Moreover, the level of detrimental reliance suffered by the plaintiffs is not sufficient to override the policy and effect of the statute. The principal loss suffered by the plaintiffs through their reliance on the oral agreement was the loss of their expected benefit from the agreement itself. Under these circumstances, the defendants are not estopped to raise the Statute of Frauds defense. *Custis v. Valley National Bank of Phoenix*, 92 Ariz. 202, 375 P.2d 558

(1962); *Easton v. Wycoff*, 4 Utah 2d 386, 295 P.2d 332 (1956).

The disposition of the above issues makes it unnecessary for us to consider whether the trial court improperly allowed the defendants a double offset for debts owed by the plaintiffs, and whether the jury verdict extinguished those debts. The jury verdict and judgment based thereon were erroneous as an award of money damages between partners before a final accounting, and because they were based in large part on an agreement invalid under the Statute of Frauds. We therefore reverse and remand for an equitable dissolution and winding up of the joint venture pursuant to A.R.S. § 29–229 et seq., and the views expressed in this opinion. We decline to address the disposition of the Palm Parke corporate entity, as that issue is not before us on appeal.

Reversed and remanded.

HOWARD and RICHMOND, JJ., concur.