1112

Leroy WARD, Administrator of the Estate of Sarah W. Ward, Deceased, Appellant v. Gerald W. GRIFFIN, Respondent.

(367 S. E. (2d) 703)

Court of Appeals

---

[1] 292 S. C. 273, 356 S. E. (2d) 118 (Ct. App. 1987).

*J. Allen Lewis, Jr.,* of *Yarborough, Lewis, Weaver & Stewart,* Florence, *for appellant.*

*Marvin P. Jackson, Jr.,* Florence, *for respondent.*

Heard Feb. 16, 1988.

Decided March 14, 1988.

SANDERS, Chief Judge:

Appellant Leroy Ward, as administrator of the estate of Sarah W. Ward, deceased, sued respondent Gerald W. Griffin alleging Mr. Griffin had been the president of a corporation in which Mrs. Ward had owned stock and seeking, among other things, damages resulting from waste, mismanagement and improper control of the corporation by Mr. Griffin. The jury returned a verdict against Mr. Griffin for actual damages. The Circuit Court ruled the suit was a derivative action, and therefore, the damages should be divided among all the stockholders in the corporation. Mr. Ward appeals. We affirm.

Mr. Ward argues his suit was brought "directly and not as a derivative action." His complaint alleges: "[T]he Defendant has failed to manage, operate and control the corporation in a proper manner, thus suffering great loss to the estate of Sarah W. Ward." He further alleges: "[T]he Defendant, upon information and belief has wasted the corporate assets and allowed the real estate to fall into a state of disrepair in that the corporate assets are diminished and lessened all to the detriment of the Plaintiff."

If misconduct by the management of a corporation has caused a particular loss to an individual stockholder, the liability for the mismanagement is an asset of the individual stockholder. Of course, a suit based on the misconduct can be brought by the individual stockholder. If, on the other hand, the misconduct has caused a loss to the corporation, and not to any particular stockholder, the liability is an asset of the corporation, ordinarily remediable by a suit in the name of the corporation. Under certain circumstances, a suit based on the misconduct can be brought by an individual stockholder, but the recovery remains an asset of the corporation, not of the individual stockholder. These well-settled principles are best stated in *Stewart v. Ficken*, 151 S. C. 424, 149 S. E. 164 (1929); *see Bradley v. Hullander*, 272 S. C. 6, 41, 249 S. E. (2d) 486, 503 (1978) ("If the [defendants] are liable for mismanagement during the two months they were in control of the corporation, the recovery is an asset of the corporation and not of the [plaintiffs]."); *Johnson v. Baldwin*, 221 S. C. 141, 149, 69 S. E. (2d) 585, 588 (1952) ("The liability of [the defendants] for loss to a corporation due to their mismanagement is an asset of the corporation and any recovery on such a cause of action belongs solely to the corporation.").

The editors of *American Jurisprudence* state the same principles in slightly different words: "A stockholder may individually sue corporate directors, officers, or other persons when he has sustained a loss separate and distinct from that of other stockholders generally." 19 Am. Jur. (2d) *Corporations* § 2245, at 147 (1986). "However, an individual stockholder has no right to bring an action in his own name and in his own behalf for a wrong committed solely against the corporation." *Id.* at 147-48. A derivative action is a suit brought by a stockholder to enforce a corporate right. *Id.* § 2250. A suit brought by a stockholder is a derivative action if the gravamen of the complaint is injury to the corporation and not injury to the individual interests of the stockholder. *Id.*

Mr. Ward does not allege Mrs. Ward or her estate suffered a loss separate and distinct from that of the other stockholders. Rather, he alleges an injury to the corporation, not an injury to the individual interests of Mrs. Ward or her

estate. Therefore, his suit must have been a derivative action.

Mr. Ward further argues Mr. Griffin is estopped from claiming the "action must have been brought on behalf of all of the stockholders of the corporation." We cannot consider this issue because it was not raised before the Circuit Court. *See Patterson v. Goldsmith,* 292 S. C. 619, 626, 358 S. E. (2d) 163, 167 (Ct. App. 1987) ("An issue which was not raised below cannot be considered on appeal.").

We also do not decide whether the damages should have been awarded to the corporation, rather than directly to the stockholders, because no argument was made on appeal for this result. *See Harmon v. Bank of Danville,* 294 S. C. 39, 362 S. E. (2d) 315 (Ct. App. 1987) (appellate courts do not answer questions they are not asked).

For these reasons, the ruling of the Circuit Court is

Affirmed.

GARDNER and BELL, JJ., concur.