**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Tiffany's Cafe and Bakery on Devine, Inc., Respondent,

v.

James S. Archer, Appellant.

Appellate Case No. 2016-001514

———————

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-039
Heard November 13, 2018 – Filed January 23, 2019

———————

**AFFIRMED IN PART, REVERSED IN PART and REMANDED**

———————

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, of Columbia for Appellant.

Carlos W. Gibbons, Jr., of Ashley & Gibbons, PA, and Adam Tremaine Silvernail, of Law Offices of Adam T. Silvernail, both of Columbia, for Respondent.

———————

**PER CURIAM:** Tiffany's Café and Bakery on Devine, Inc. (Tiffany's) commenced this action against James S. Archer (Archer) for collection of a promissory note, breach of contract, negligence, and breach of fiduciary duty. The

suit was referred to the master in equity with direct appeal to this court. The master awarded judgment in favor of Tiffany's in the amount of $43,373.27. Archer appeals. We affirm in part, reverse in part, and remand.

Archer contends the master erred by not dismissing the action for unreasonable neglect in proceeding with the suit. However, Archer did not make a motion below to dismiss the suit. The record shows the master asked questions about whether there were pending bankruptcies prolonging the action. The master's questions were answered to his satisfaction and the hearing began. Additionally, Archer consented to an order of continuance in October 2014. Therefore, this issue is not preserved. "It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998).

"An action to recover on a promissory note is . . . an action at law." *Chambers v. Pingree*, 351 S.C. 442, 449, 570 S.E.2d 528, 532 (Ct. App. 2002). "In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law. The Court will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings." *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009). Here, the master correctly found Archer in default on the note and correctly assessed the principle, interest, and costs. *See Lindsay v. Lindsay*, 328 S.C. 329, 340, 491 S.E.2d 583, 589 (Ct. App. 1997) ("Because we view this provision . . . as unambiguous, our interpretation . . . is confined to the language contained within the four corners of the instrument itself."); *Rhodus v. Goins*, 129 S.C. 40, 41, 123 S.E. 645, 645–46 (1924) ("A note is a written instrument, and in computing the amount due thereon in principal and interest the computation must be made in accordance with the terms of said note."). We affirm the $23,800 judgment for the promissory note cause of action.

As to the "Other Claims and Defenses" portion of the order, the order did not set forth adequate conclusions of law relating to Tiffany's causes of action to support the $19,573.27 judgment against Archer. While the order briefly acknowledged Tiffany's specific causes of action and did make findings of fact that are supported by the evidence in the record, the order did not make the necessary accompanying conclusions of law relating to those causes of action. It is unclear from the order whether the judgment amount relates to the breach of fiduciary duty cause of action or some other basis asserted by Tiffany's. For instance, the order did not establish a fiduciary duty owed to Tiffany's by Archer and did not find a breach of

that duty, thereby supporting an award of damages. Instead, the order seems to merely divide the costs of closing Tiffany's between the parties according to their ownership interests. This was an error of law. In an action at law decided by a master, "this Court will correct any error of law." *Sea Cabins on the Ocean IV Homeowners Ass'n, Inc. v. City of North Myrtle Beach*, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App.1999). We reverse the $19,573.27 judgment against Archer and remand to the master for a redetermination on Tiffany's causes of action.

Archer argues the master erred in finding no evidence to support his counterclaims. We disagree. "It is firmly established by our decisions that individual shareholders may not sue corporate directors or officers directly for losses suffered by the corporation." *Babb v. Rothrock*, 303 S.C. 462, 464, 401 S.E.2d 418, 419 (1991). A shareholder may maintain an individual action only if his loss is "separate and distinct" from that of the corporation. *Ward v. Griffin*, 295 S.C. 219, 221, 367 S.E.2d 703, 704 (Ct. App.1988). A shareholder's suit is derivative "if the gravamen of the complaint is injury to the corporation and not injury to the individual interests of the stockholder." *Id*. A review of Archer's answer and counterclaim reveals he is not alleging an injury particular to himself but rather a general injury to Tiffany's. This claim is only appropriate as a derivative action. The findings relating to Archer's counterclaims are affirmed[1].

**AFFIRMED IN PART, REVERSED IN PART, and REMANDED.**

**HUFF, SHORT, and WILLIAMS, JJ., concur.**

---

[1] "The appellate court may affirm any ruling . . . upon any ground(s) appearing in the Record on Appeal." Rule 220(c), SCACR.