413 P.2d 579

**W. C. FENTER and Floss Fenter, husband and wife, Appellants,**

**v.**

**HOMESTEAD DEVELOPMENT AND TRUST COMPANY, a corporation, Appellee.**

**No. 2 CA–CIV 146.**

Court of Appeals of Arizona.

April 26, 1966.

Rehearing Denied May 17, 1966.

W. Edward Morgan and John H. Rosenberg, Tucson, for appellants.

Dowdall & Harris, by Richard C. Harris, Tucson, for appellee.

STEVENS, Chief Judge:

This is an appeal from a judgment in a forcible detainer action in favor of plaintiff-appellee against defendants-appellants. The action involves the members of a prominent Tucson attorney's family and a family corporation. The defendants are the sister and brother-in-law of the plaintiff's president, Don Hummel. The plaintiff is a family corporation in which defendant Floss Fenter, her four brothers and two sisters are the sole shareholders. The sole asset of the corporation is the land in question, approximately 3200 acres of basically patented mining claim land.

The record shows that the defendants' initial possession of the land in 1936 was peaceful. During the depression the defendant, W. C. Fenter was experiencing financial problems along with many other professional people and having a ranching background, by a family arrangement, the defendants occupied the land for the purpose of raising cattle. At this time the title to the land was held by the plaintiff's predecessor in title, Casa de Suenos, a family corporation in which defendant Floss Fenter's four brothers were the sole stockholders. According to Don Hummel's testimony, he prevailed upon his father to allow the defendants to occupy the land and loaned them money to get established. The record is not clear whether he was acting in a corporate capacity in this regard. Under the terms of this oral agreement the defendants were to pay the taxes and maintain the property. However, initially the defendants were unable to pay the taxes and such were paid either by Don Hummel or his father until the year 1961.

Some time after the Fenters entered into possession, the title was transferred from Casa de Suenos to the plaintiff corporation. This transfer was prior to the events hereinafter set forth in this opinion.

In the year 1961 the Fenters were informed that they must pay the taxes on the property and pay rent or vacate the property. Thereafter the Fenters called upon Don Hummel after office hours and

he prepared a longhand memorandum which Mrs. Floss Fenter signed. According to the testimony of Don Hummel, her husband, W. C. Fenter, was present. The writing is as follows:

" May 9, 1961

"Homestead Development & Tr. Co.

"I, Floss Fenter hereby agree that I will pay rent on the Santa Rita Placers Property for use as a cattle ranch for such time as the property is not sold on a monthly payment of two hundred dollars ($200.00). This is on the basis of an average number of 100 head of stock. In the event that the average runs over ten percent higher I will pay $2.00 per month per head of stock for such overage.

"This shall not be construed as an agreement to lease this property for any specific term.

"Payment shall be made monthly or at the time of sale of the stock each year at the option of Floss Fenter.

"The consideration of this agreement is the permission to continue to occupy these premises for a cattle ranch.

/s/ Floss Fenter"

The rent was not paid for 1961 nor during the year 1962 and on the 30th of November 1962, W. C. Fenter and the Fenters' son Dale, a lawyer, executed a document reciting in part:

"WHEREAS, W. C. FENTER and FLOSS FENTER, husband and wife, are occupying the premises known as the Santa Rita Placers, Pima County, Arizona, as a cattle ranch, and

"WHEREAS, it was agreed in April, 1961, that the rent for the use of said property should be a minimum of $200.00 per month based on grazing for 100 head of cattle, and

"WHEREAS, there is now due and unpaid as rent on said property to the Homestead Development and Trust Company, the sum of FOUR THOUSAND DOL-

LARS ($4,000.00) to December 31, 1962, and * * *"

Pursuant thereto $4,000 of Mrs. Fenter's funds were paid to the plaintiff and after deducting certain corporate expenses the unused balance was paid to the 7 stockholders in equal shares, Mrs. Fenter's share having been transmitted to Dale Fenter. Dale Fenter met an untimely death in an airplane accident between the happening of these events and the time of trial.

Other than the $4,000 heretofore mentioned, no rent was paid. A special stockholders meeting of the corporation was called for February 1965 and notice was given to all of the owners of the stock including Mrs. Floss Fenter. She did not attend the meeting. All other stockholders attended in person or by proxy. At that time it was determined to recover possession of the ranch and to collect the past due rent. On 11 March 1965, a demand was made, proper notice was served and shortly thereafter the suit in question was filed.

The complaint alleged a written lease, it alleged that the lease had expired by reason of the failure to pay rent since 31 December 1962 and asked for possession.

The answer denied any lease, urged the two year statute of limitations and set forth as an affirmative defense that the plaintiff had never been in possession of the property, was not entitled to possession and was estopped to deny that the defendants were entitled to possession. The answer plead as the basis for the claimed estoppel the possession since 1936 and the construction of the improvements upon the property in reliance upon possession and ownership rights all without objection. The evidence disclosed that during the period of the defendants' Fenter occupancy they expended funds in the improvement of the land to better enable them to raise cattle and to improve their living facilities.

Before trial the complaint was amended to add a paragraph alleging an arrearage of $5,600 in rent. There was no modifica-

tion of the prayer which remained a prayer for restitution "and for such other and further relief as Justice shall require". The case was tried to the jury. The 1961 and 1962 writings were received in evidence. During the trial there were denials by Mrs. Floss Fenter that she signed the 1961 writing; that her son Dale Fenter had any authority to act for her in relation to the 1962 writing or that she received the above mentioned dividend. Her husband, W. C. Fenter, denied any knowledge of the 1961 writing and he denied his signature on the 1962 document. When the plaintiff rested it was urged that the 1961 writing was not a lease there being a want of mutuality. Over the defendants' objection, the court permitted the plaintiff to amend the complaint to conform with the proof to allege:

> "that the Defendants rented the said property from the Plaintiff under the terms of an agreement evidenced by a writing signed by a party to be charged and that said party failed and neglected to comply with the terms of said agreement by reason of failure to pay rent since December 31, 1962".

The court ruled that the December 1961 writing was a memorandum of an agreement which was signed by a person to be charged, namely Mrs. Floss Fenter and that by the 1962 writing her husband, W. C. Fenter, ratified the agreement. The trial court granted plaintiff's motion for a directed verdict at the close of all the evidence on the issue of the right to possession and discharged the jury. The trial court after subsequent testimony, awarded judgment in the sum of $5,600 in favor of the plaintiff and against the defendants and that a writ of restitution to the premises in question issue in favor of the plaintiff.

██ Forcible detainer is a summary statutory remedy in which the only material issue is the right of possession. Heywood v. Ziol, 91 Ariz. 309, 372 P.2d 200 (1962); Walkeng Mining Company v. Covey, 88 Ariz. 80, 352 P.2d 768 (1960). By statutory prohibition the merits of the title may not

be considered, A.R.S. § 12-1177, subsec. A. Plaintiff established its title in the property; the 1961 agreement signed by defendant Floss Fenter; the failure of the defendants to pay rent under the agreement; and the fact that it had served notice required by the statute upon the defendants to vacate the property. Defendants do not deny plaintiff's title and admitted they had not paid rent under the 1961 agreement. They allege, however, that by virtue of an oral agreement with the defendant Floss Fenter's father, they held a life estate in the property. The Floss Fenter signature on the 1961 agreement is inconsistent with the assertion of a life estate. The record establishes that while defendant's father was acting as attorney for plaintiff's predecessor in title, he had no legal interest in either the corporation or the land. Since the right of possession was the only proper issue before the court, the trial court did not err in directing a verdict in favor of the plaintiff.

██ It is urged that the Fenters' constitutional rights have been violated in that the court after receiving evidence over the objection of the plaintiff relative to the improvements which the Fenters had placed on the land declined to support their defense of estoppel. In this action by the trial court there was no error. This is a possessory action. The equitable defense of estoppel may not be asserted since this defense is in nature of the assertion of an encumbrance upon the property involved in this case and that is the type of question which should be resolved in an action to quiet title. Olds Bros. Lumber Co. v. Rushing, 64 Ariz. 199, 167 P.2d 394 (1946). See 22 Am.Jur. Forcible Entry and Detainer, § 35 and § 41. In the case of Reeves v. City of Phoenix, 1 Ariz.App. 157, 400 P.2d 364 (1965), this Court recognized that the decision on the forcible detainer action then before the Court was not definitive of the issues in a then pending quiet title action relating to the same property and that the forcible detainer action was decided without prejudice to the quiet title action. In

other words, the forcible detainer action which is now being considered, relates only to possessory rights and the determination thereof is without prejudice to any other rights which the Fenters may have. Cannon v. Arizona Game & Fish Commission, 85 Ariz. 1, 330 P.2d 501 (1958); Olds Bros. Lumber Co.

In Reeves, this Court recognized the the applicability of the two year statute of limitations in relation to forcible detainer actions, being A.R.S. § 12–542, subsec. 6. In Reeves, the initial possession was wrongful whereas in the case at bar, the Fenters went into possession with the permission of the owner. The defendants urge that since no rent had been paid for more than two years next prior to the filing of the action, the defense of the statute of limitations was a valid defense. This is not true. The plaintiff points out that the next rent was not required to be paid until the time of the sale of the stock, namely the fall of 1962 and further urges that there was no right of action for possession until after the demand had been made and that with reference to both of these events they were well within the two year period next preceding the filing of the action. We are not called upon to decide which of the two approaches urged by the plaintiff is the proper approach since both are within the two year statutory period.

The formal decree contains the following language:

"4. That the agreement under which the defendants, W. C. Fenter and Floss Fenter, held possession of the premises be, and it is hereby declared forfeited."

The defendants urge that this portion of the decree is beyond the issues. It is our opinion that the objection to this portion of the decree should have been sustained so that it cannot be prejudicial to the rights, if any, which the Fenters may have in relation to the land.

The defendants urge that it was error to grant judgment for the $5,600 in rent in the absence of an express prayer

for said sum. This is not a default case wherein the prayer is important in determining the extent of the relief which can be granted. Rule 54(d), Rules of Civil Procedure, 16 A.R.S. The prayer is not part of a complaint in relation to determining the sufficiency of the pleading in the statement of a claim for relief. Husky v. Lee, 2 Ariz. App. 129, 406 P.2d 847, 850 (1965). A litigant is entitled to relief in conformity with the evidence presented to the court in this respect a jury verdict and judgment may be granted even though it be in excess of the amount claimed in the prayer. Bechtel v. Benson, 94 Ariz. 350, 385 P.2d 225 (1963).

The record has been reviewed in the light which will sustain the trial court and discloses ample support for the judgment and an absence of error save and except the one paragraph of the decree. The decree will be modified by striking paragraph number 4 and as modified, the judgment is affirmed.

CAMERON and DONOFRIO, JJ., concur.

NOTE: This cause was decided by the Judges of Division One as authorized by A.R.S. § 12–120, subsec. E.