510 P.2d 752

**GENE HANCOCK CONSTRUCTION CO., and Bernard J. Thuerauf, Appellants,**

v.

**KEMPTON & SNEDIGAR DAIRY, Martin David Kempton and Suzanne Kempton, husband and wife, Robert Glenn Kempton and Barbara D. Kempton, husband and wife, Robert L. Snedigar and Shirley Snedigar, husband and wife, Appellees.**

**No. I CA–CIV 1937.**

Court of Appeals of Arizona, Division 1.

June 5, 1973.

---

Cunningham, Goodson, Tiffany & Weltsch, Ltd. by John F. Goodson & Michael E. Tiffany, Phoenix, for appellants.

Fuller & Kempton, Ltd. by Robert G. Kempton, Jennings, Strouss & Salmon by Rex E. Lee, Phoenix, for appellees.

HATHAWAY, Chief Judge.

A summary judgment in favor of the appellees, defendants below, as to (1) appellant Hancock Construction Company's right to enforce an alleged oral contract for the sale of realty, and (2) appellant Thuerauf's right to enforce an alleged oral authorization to sell said realty, is the subject of this appeal. The pertinent provisions of A.R.S. § 44–101 are:

"No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

6. Upon an agreement for leasing for a longer period than one year, or for the sale of real property or an interest therein. Such agreement, if made by an agent of the party sought to be charged, is invalid unless the authority of the agent is in writing, subscribed by the party sought to be charged.

7. Upon an agreement authorizing or employing an agent or broker to purchase or sell real property, or mines, for compensation or a commission."

Our analysis of the pleadings of the respective parties leads us to conclude that summary disposition of their claims was appropriate. Where it appears from the face of the complaint that the contract relied on is unenforceable because of the statute of frauds, and nothing appears in the complaint to take the case out of the operation of the statute, no claim for relief is stated. Daniel v. Leben, 188 Kan. 344, 362 P.2d 634 (1961). In order to state a claim for specific performance of an oral contract within the statute of frauds, one seeking relief must plead sufficient facts to lift the oral contract out of the bar of the statute and this is accomplished by pleading facts which would bring into play the principle of estoppel to assert the statute of frauds. Palmer v. Phillips, 123 Cal.App.2d 291, 266 P.2d 850 (1954). With these principles in mind, we shall examine the respective pleadings.

Appellant Hancock Construction Company's complaint alleged that the defendants, acting through their authorized agent Robert L. Snedigar, entered into an oral contract for the sale of the real property which was the subject of the litigation; that Hancock specifically asked Snedigar whether the contract was considered to be a binding contract on which Hancock could rely, to which Snedigar responded in the affirmative; that Snedigar shook hands on it and offered to have his attorney draw up appropriate documents; that in reliance on this contract Hancock immediately made engineering studies of the property at great cost; that it made arrangements to obtain $292,830.00 for the cash downpayment which would be required, thereby temporarily interfering with its other financing programs; and further, it advised its staff to its great detriment, to cease efforts to seek other comparable property for its future home building scheduling needs. The complaint also alleged that Snedigar and his partners were "renowned as men of high integrity" in the community and for this reason Hancock relied on the oral promise and symbolic handshake and had a right to rely on "such sincere and unequivocal avowal of a firm contract;" and since the defendants failed to disavow their agreement for approximately two months thereafter, Hancock was thus given "more encouragement" to rely on Snedigar's representation that a firm contract had been entered into between the parties. The final

material allegation was that since Hancock had acted to its detriment solely in reliance on the oral agreement, the defendants were estopped to raise the defense of the statute of frauds. Specific performance or in the alternative damages was the requested relief.

Thus we see that appellant Hancock's complaint, on its face, reflects that the contract fell within the bar of A.R.S. § 44–101, subsec. 6. Appellant Hancock, however, argues that the doctrine of equitable estoppel could come into play, thus preserving its claim. It is well settled in this jurisdiction that a party may be estopped to assert the defense of the statute of frauds when he has induced or permitted another to change his position to his detriment in reliance upon an oral agreement within its operation. O'Malley Inv. & Rlty. Co. v. Trimble, 5 Ariz.App. 10, 422 P.2d 740 (1967), and cases cited therein. Legal title to realty may pass by operation of an equitable estoppel in spite of the statute of frauds. Cress v. Switzer, 61 Ariz. 405, 150 P.2d 86 (1944). However, before the doctrine of estoppel can be invoked, there must be competent proof of the existence of the oral contract. 37 C.J.S. Frauds, Statute of § 246. In this jurisdiction we have recognized that in a proper case part performance can remove the prohibition of the statute. Gabitzsch v. Cole, 95 Ariz. 15, 386 P. 2d 23 (1963); Stewart v. Damron, 63 Ariz. 158, 160 P.2d 321 (1945). The doctrine of part performance is purely an equitable doctrine based solely on the jurisdiction to prevent and relieve against fraud and rests on estoppel. 37 C.J.S. Frauds, Statute of § 249.

Part performance necessary to take an oral contract out of the statute of frauds must be unequivocally referable to the contract. Alvarez v. Alvarez, 72 N.M. 336, 383 P.2d 581 (1963). Unless the acts of part performance are exclusively referable to the contract, there is nothing to show that the party seeking to enforce it relied on the contract or changed his position to his prejudice so as to give rise to an estoppel. Randall v. Tracy Collins Trust Co., 6 Utah 2d 18, 305 P.2d 480 (1956). In this jurisdiction, Restatement of Contracts § 197, has been cited with approval. Huish v. Lopez, 70 Ariz. 201, 218 P.2d 727 (1950); Wilson v. Metheny, 72 Ariz. 339, 236 P.2d 34 (1951). This section states:

"Where, acting under an oral contract for the transfer of an interest in land, the purchaser with the assent of the vendor (a) makes valuable improvements on the land, or (b) takes possession thereof or retains a possession thereof existing at the time of the bargain, and also pays a portion or all of the purchase price, the purchaser or the vendor may specifically enforce the contract."

Adverting to the allegations of the complaint, the "part performance" relied upon by Hancock, was obtaining financing and having engineering studies made of the subject property. The sufficiency of the particular acts to constitute part performance can be decided as a matter of law. Boesiger v. Freer, 85 Idaho 551, 381 P.2d 802 (1963). An act which admits of explanation without reference to the alleged oral contract does not constitute part performance. 3 Williston on Contracts § 494 (3rd Ed.); 49 Am.Jur., Statute of Frauds § 431. We believe Hancock's acts are not unequivocally referable to the oral contract and therefore the trial court did not err in ruling, as a matter of law, that the doctrine of part performance did not preclude the defense of the statute of frauds. Since the contract was unenforceable, not only did Hancock's claim for specific performance fail, but likewise its claim for damages. 49 Am.Jur., Statute of Frauds § 539.

Appellant Hancock refers to the allegation in its complaint that Snedigar offered to have his attorney prepare the necessary documents to memorialize the contract. Even if this allegation can be construed as a promise to make a memorandum that would satisfy the statute of frauds, an agreement to reduce to writing a contract within the statute of frauds must itself be

**126**

in writing to be enforceable. Trollope v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970).

■ Appellant Thuerauf sought to charge appellees with payment of a realty commission and the statute of frauds was again asserted as a defense. Thuerauf relied upon the fact that he had prepared a sales brochure concerning appellees' property which he mailed to a group of prospective clients, including Hancock, along with sales solicitations. However, there was no written memorandum of the commission to satisfy the statute of frauds. Neither part performance nor complete performance was available to defeat the statute of frauds. Butterfield v. MacKenzie, 37 Ariz. 227, 292 P. 1097 (1930).

Since neither appellant stated a claim for relief, summary judgment was appropriate.

Affirmed.

KRUCKER and HOWARD, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.