619 P.2d 19

**WILLIAM HENRY BROPHY COLLEGE, an Arizona non–profit Corporation; and Roger T. Hargrove, Personal Representative of the Estate of Anastasia Nealon, also known as Anastasia Mercer, deceased, Plaintiffs–Appellants,**

v.

**Oscar TOVAR and Joe Tovar, dba Empress Twin Cinema, Defendants–Appellees.**

**No. 1 CA–CIV 4244.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 19, 1980.

Rehearing Denied Sept. 26, 1980.

Review Denied Oct. 7, 1980.

Romley & Sherk by Robert O. Dyer, Phoenix, for plaintiffs–appellants.

Richard J. Hertzberg, Phoenix, for defendants–appellees.

## OPINION

EUBANK, Presiding Judge.

This is an appeal from a judgment in favor of the defendant tenants in a forcible detainer action, and from an order denying plaintiff landlord's motion for a new trial. The questions involved are the applicability of the Statute of Frauds, the sufficiency of a memorandum to comply therewith, and the permissibility of asserting the defense of part performance in a forcible detainer action.

Appellant Brophy College is the devisee of certain real property, described as 2337 and 2339 East McDowell Road, Phoenix, under the will of Anastasia Nealon, deceased. Appellant Hargrove is the latter's personal representative. The real estate consists of two adjoining commercial properties occupied by appellees, in both of which, at various times, they operated their adult theater business. Appellees claimed the right to occupy these premises under a 1975 lease with one Nick Mercer, who apparently was or purported to be the husband of Anastasia Nealon and the owner of the premises. Appellants, however, recovered title to the premises, and they became an asset of Anastasia's estate, by means of a successful lawsuit against Mercer. In 1977, the premises at 2337 were substantially destroyed by fire. Thereafter, written notice of termination of tenancy as to both premises was given to appellees by appellants. The notice as to 2337 was stated to be pursuant to the provisions of the Mer-

cer–appellees written lease, which gave the lessor the option of repairing or terminating in case of the premises becoming unfit because of fire. The notice as to 2339 was stated to be pursuant to the presumed month to month tenancy, and gave more than the 10 days notice required by A.R.S. § 33–341. Appellees failed to vacate the premises and appellants commenced the present forcible detainer action.

The case was tried by a jury, which returned verdicts finding appellees "guilty" of forcible detainer of 2337 and "not guilty" as to 2339. Appellants' motion for new trial was denied. They appealed the portion of the judgment relating to 2339 and the denial of their new trial motion. Appellees did not cross–appeal. The premises at 2337 are therefore no longer in issue, and this appeal concerns only the right to possession of 2339.

Basically appellants assert that appellees are in possession only as tenants from month to month; that that tenancy was properly terminated; and that appellees have no further right to possession. They also say that appellees' claimed oral lease of 2339 is void under the Statute of Frauds, A.R.S. § 44–101, and that there is no memorandum thereof sufficient to comply with the statute.

Appellees claim that they are entitled to possession of 2339 under either of two theories. One, they have an oral lease with appellants' predecessor in title, which they have partly performed to a sufficient extent to take the lease out of the Statute of Frauds. Two, the written lease of 2337 contains certain handwritten notations which constitute a sufficient "memorandum" within the meaning of the Statute of Frauds to extend the provisions of the 2337 lease to both sets of premises, and thus to create a lease of 2339.

On appeal, appellants raise the following specific issues: (1) The trial court erred in admitting parol evidence concerning the claimed intention of the original parties to the lease of 2337 to extend it to 2339; (2) There was no sufficient writing or memorandum to comply with the Statute of Frauds, and (3) The doctrine of part performance may not be raised as a defense in a forcible detainer action, and even if it could be, it was not established here. Our examination of the record and of the applicable law leads us to the conclusion that there was at most an oral lease present here, with no written memorandum thereof sufficient to comply with the Statute of Frauds, but that the part performance of that oral lease established by appellees' conduct is sufficient to estop appellants from asserting the Statute of Frauds to defeat the validity of the lease. We therefore affirm the judgment of the trial court.

The following facts appear to be agreed on. The appellees are in possession of the premises and have been paying rent to appellants continuously for some time. There has been no default in the payment of rent. The only writing of any kind relied on by appellees as a lease of the premises at 2339 is a typed lease of premises described as 2337, which shows a term of about five years, from February 1, 1975, to February 28, 1980, at a monthly rent of $350, with an option to renew for an additional five years at $450 per month. This lease was dated January 28, 1975. On page one of the typed lease are several longhand additions reading "367.50 mo inc. tax", "416, 367.50, 783.50" in a column of figures such as those to be totaled, with a line between 367.50 and 783.50, and several initials. On page two of the typed lease there is a longhand addition to Article VI (Use of Premises), which recites: "These Premises Primarily For Expansion of Empress Theater 2339 E. McDowell", with one set of initials. During their occupancy, appellees spent about $1,500 making improvements to 2339, installing a stage and dressing room, a sign, and carpeting. For a period of six to eight months before the fire, appellees ceased operating in 2339, because of poor business, and used only 2337. Nevertheless, during this period they continued to pay the rent for 2339 to appellants, who accepted it. Over objections, appellee Joe Tovar was permitted to testify that he and Nick Mercer had orally agreed to extend the 2337

**194**

lease to 2339 on identical terms, by means of the longhand notations on the typed lease.

■ Based on the foregoing, we have no trouble agreeing with the trial court that the Statute of Frauds, A.R.S. § 44–101, applies to the purported oral lease of 2339. That section provides in part as follows:

No action shall be brought in any court in the following cases unless the promise or agreement ..., or some memorandum thereof, is in writing and signed by the party to be charged .... 5. Upon an agreement which is not to be performed within one year from the making thereof. 6. Upon an agreement for leasing for a longer period than one year ....

It is clear that under either 5 or 6 the lease involved here is required to be in writing in order to be enforceable, or at least that there be some written memorandum thereof. The minimum essential terms that must appear in the memorandum itself in order to make it sufficient to establish a lease are the identification of the property to be leased, the term of the lease, and the rental agreed on. *Custis v. Valley National Bank of Phoenix*, 92 Ariz. 202, 375 P.2d 558 (1962).

■ The only writing claimed to constitute any memorandum here is the series of handwritten notations which were added to the typed lease for 2337, as set forth above. Examination of these notations indicates that they do not in any sense unequivocally set forth the premises to be rented, the rent promised to be paid, or the term of the lease, the essentials for a lease stated above. In our opinion they are clearly insufficient to constitute a memorandum which complies with the Statute of Frauds. Since there was no dispute as to the existence of the notations, but only as to their legal effect as a memorandum, it was error to submit this issue to the jury. However, in view of our ruling on the question of estoppel, this error was completely harmless as far as the final result is concerned.

■ The oral lease is therefore void, unless appellants are estopped from asserting the statute because of appellees' part performance in reliance thereon. The doctrine that a party may be estopped to assert the Statute of Frauds in general is well established in Arizona. *Del Rio Land, Inc. v. Haumont*, 118 Ariz. 1, 574 P.2d 469 (1977) and cases cited therein. Whether this doctrine is labeled "estoppel" or "part performance" does not affect the ultimate result of its application, which is that a party may be precluded from asserting the Statute of Frauds as a defense when he has induced or permitted another to change his position to his detriment in reliance on an oral agreement which would be within the Statute. *Gene Hancock Construction Co. v. Kempton & Snedigar Dairy*, 20 Ariz.App. 122, 510 P.2d 752; *see Trollope v. Koerner*, 106 Ariz. 10, 470 P.2d 91 (1970); *Custis v. Valley National Bank, supra.* This principle has been applied against a landlord in particular in at least one Arizona case, *Cress v. Switzer*, 61 Ariz. 405, 150 P.2d 86 (1944), which has recently been discussed with approval by our Supreme Court. *Trollope v. Koerner, supra.* In *Cress* the court said: "Here the appellee stood by and saw a store remodeled and a good business established and so far it has not been shown that the failure to have a written lease was in any way due to the fault of the appellant, and we find ... that the appellee was estopped from the defense of the statute of frauds." In *Trollope* the court explained: "If ... [a landlord] ... stands by while another, assuming himself to be a lessee under an oral agreement, makes substantial improvements, *he* may well be held estopped to deny the lease."

■ In order to take an oral contract out of the Statute of Frauds under this doctrine, the part performance alleged must be unequivocally referable solely to the oral contract. *Gene Hancock Construction Co. v. Kempton & Snedigar Dairy, supra.* The sufficiency of any particular acts to constitute part performance is a question of law. *Id.* Here, appellees relied on possession, payment of rent, and the making of improvements. Appellants claim that this part performance was not referable solely to the oral lease but instead was merely

consistent with appellees' month to month tenancy. Appellees remained in possession and paid rent both before and after the claimed oral lease, and it is true that both of these acts are consistent with a month to month tenancy, except for that period of about 6 to 8 months when they continued to pay rent while not using the premises. Payment during that period, we believe, is inconsistent with a month to month tenancy and instead reinforces appellees' claim that they were in possession under a long term lease. Also, their making of improvements of a value approaching that of five months' rent is inconsistent with a monthly tenancy and referable, as we see it, to a longer term. We therefore find as a matter of law that the uncontradicted evidence is sufficient to establish part performance of the alleged oral lease by appellees in reliance thereon, and that appellants are estopped from asserting its invalidity under the Statute of Frauds.

Appellants also claim, however, that equitable defenses such as estoppel may not be asserted in a forcible detainer action. The only Arizona authority cited for this proposition is *Fenter v. Homestead Development & Trust Co.*, 3 Ariz.App. 248, 413 P.2d 579 (1966). While *Fenter* does state that estoppel may not be asserted as a defense in a forcible detainer action, that does not appear to be a widely accepted rule, according to either appellants' or our own research. That statement also appears to be contrary to the Supreme Court's holding in *Cress v. Switzer, supra*. *Cress* almost surely was a forcible detainer action, and yet estoppel was held applicable. *Fenter* does not appear to have considered *Cress*. In addition, the defendants in *Fenter* were not seeking to enforce an oral lease but rather to defeat plaintiff's right to possession based on defendants' long standing possession, the making of improvements, and a claimed life estate in the land. We believe the correct rule of cases such as *Trollope v. Koerner, supra; Evans v. Mason*, 82 Ariz. 40, 308 P.2d 245 (1957) and *Cress v. Switzer, supra*, to be that where a party attempting to enforce an oral agreement seeks an equitable remedy, such as specific performance, the equitable doctrines of estoppel and part performance are available to him. Where he seeks only a legal remedy, such as money damages for breach, they are not. Under this analysis, the result in *Fenter* was correct, as the defendants were not seeking any equitable remedy but merely sought to defeat the plaintiff's legal claim to possession. We hold that the defense of estoppel was properly allowed and applied here.

Finally, appellants' claim that the parol evidence rule was violated by the trial court's receiving evidence of the purported extension of the written lease of 2337 to 2339 is without merit in view of our decision that appellees were entitled to show their reliance on an oral agreement concerning 2339 in making the improvements thereon and paying rent for it during the "non–use" period of six to eight months. The only effect of the evidence objected to was to show the making of an oral agreement of lease of *2339*, which appellees were entitled to do in connection with their claim of part performance thereof. *Trollope v. Koerner, supra; Evans v. Mason, supra; Gene Hancock Construction Co. v. Kempton & Snedigar Dairy, supra.* In other words, the evidence received was actually independent of the written lease of 2337 and did not concern those premises, nor was it offered in an attempt to modify the provisions of the lease affecting *2337* as such. Its admission into evidence was no different that it would have been had there been no written lease of 2337 at all, except that the handwritten notations here bolstered appellees' claim that an oral lease of 2339 had been made. Its receipt was therefore not error.

The judgment and order appealed from are therefore affirmed.

HAIRE, J., concurs.

WREN, J., concurs in the result.