NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LESLEY PILLSBURY, *Plaintiff/Appellant/Cross-Appellee,*

*v.*

WILLIAM FORNEY BUTLER, *Defendant/Appellee/Cross-Appellant.*

No. 1 CA-CV 20-0187
FILED 03-25-2021

Appeal from the Superior Court in Maricopa County
No.  CV2019-001762
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Alexander R. Arpad, Phoenix
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Byrl R. Lane, Phoenix
*Co-Counsel for Plaintiff/Appellant/Cross-Appellee*

Udall Shumway PLC, Mesa
By Joel E. Sannes, Carson T.H. Emmons
*Counsel for Defendant/Appellee/Cross-Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge James B. Morse Jr. joined.

---

**C A M P B E L L**, Judge:

¶1        Lesley Pillsbury appeals the grant of summary judgment dismissing her contract claims against William Forney Butler. Both Pillsbury and Butler appeal the judgment determining Pillsbury's interest in two properties held as tenants in common. Pillsbury also appeals the denial of her motion to amend to add a fraud claim, and Butler cross-appeals the denial of attorneys' fees. We affirm.

**BACKGROUND**

¶2        Pillsbury and Butler lived together for over 18 years. They purchased a home in Gilbert that was ultimately titled to Pillsbury as the sole owner. Butler works in the home-building industry, and in 2012, he and Pillsbury moved from Gilbert into a house on 53rd Way in one of Butler's developments in Cave Creek. After the Gilbert property sold, Pillsbury paid Butler $65,000 towards the purchase of the 53rd Way home. The parties initially took title as joint tenants with right of survivorship but later changed the title to a tenancy in common. Butler signed a beneficiary deed granting his interest in the property to Pillsbury upon his death, and Pillsbury named her adult son as the beneficiary of her interest in the property upon her death.

¶3        In 2017, the parties moved into another home on 27th Street in Cave Creek and put the 53rd Way property up for sale. They took title to the 27th Street property as tenants in common and signed beneficiary deeds like those for the 53rd Way property. The 53rd Way property sold in March of 2019, and proceeds of $501,530.72 are being held in escrow.

¶4        After the parties ended their relationship, Pillsbury sued Butler alleging breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment for failing to honor purported oral agreements. She claimed she was entitled to 50% of the proceeds from the 53rd Way property, 100% of the 27th Street property, and either $2,000 in monthly support payments or $504,000 from Butler. She claimed Butler was unjustly enriched because she paid the parties' living expenses throughout

their relationship and did not receive the properties or the promised $2,000 monthly payments. Butler counterclaimed, asking for a judicial determination as to the parties' ownership interests in the properties and their proceeds. He also sought to partition the 27th Street property through a sale and divide the proceeds.

¶5            Butler moved for summary judgment, which the superior court granted in part, finding the alleged oral agreements were unenforceable under the statute of frauds but that a question of fact precluded summary judgment on Pillsbury's unjust-enrichment claim. The court also found that questions of fact regarding Pillsbury's interest in the 53rd Way property precluded summary judgment on Butler's declaratory-judgment claim. The court later denied Pillsbury's request for a jury trial on the remaining claim and counterclaims.

¶6            At the conclusion of the ensuing bench trial, the court rejected the unjust-enrichment claim, finding Pillsbury had no reasonable expectation she would be reimbursed for living expenses and that Butler also paid some expenses. The court found the parties intended to hold both properties jointly, each owning a one-half interest. The court awarded each party 50% of the 53rd Way proceeds in escrow. The court also ordered that when the 27th Street home is sold, the first $501,530.72 of the proceeds will go to Butler to compensate for his contribution to the acquisition of the property, and any remaining proceeds will be divided equally between the parties.

¶7            Additionally, the superior court denied Pillsbury's motion for leave to amend the complaint to conform to evidence presented at trial to add a fraud claim and ordered each party to pay his or her own attorneys' fees and costs. Pillsbury timely appealed, and Butler timely cross-appealed.

## DISCUSSION

I.      **The Superior Court Properly Granted Summary Judgment to Butler on Pillsbury's Contract Claims.**

¶8            Pillsbury alleged Butler breached oral agreements. On summary judgment, the parties hotly contested whether they had made such agreements and, if so, the terms of those agreements. The superior court held that the statute of frauds barred enforcement of each of the alleged contracts. We review the grant of summary judgment de novo, considering the facts and any inferences drawn from those facts in the light most favorable to the party opposing the motion. *Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 199, ¶ 15 (App. 2007). Summary judgment

is appropriate "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves*, 166 Ariz. 301, 309 (1990); Ariz. R. Civ. P. 56(a).

**¶9** The statute of frauds bars any action on an oral agreement that cannot be performed within one year. A.R.S. § 44-101(5). Pillsbury alleged Butler made an oral promise to pay her $2,000 per month through 2039. Because that alleged promise could not be performed within one year, the court correctly granted summary judgment against Pillsbury on that claim.

**¶10** The statute of frauds also bars any action "on oral contracts for the conveyance of land." *Owens v. M.E. Schepp Ltd. P'ship*, 218 Ariz. 222, 225, ¶ 14 (2008); A.R.S. § 44-101(6). Pillsbury alleged Butler had orally agreed that the 53rd Way home would be hers and that after that home sold, she would own all of the 27th Street home in exchange for relinquishing her interest in the 53rd Way home. The deed for the 27th Street home contradicts Pillsbury's assertion that she owned 100% of that property. Moreover, although Pillsbury claims the 53rd Way deed is consistent with the alleged oral agreement that she had a 50% interest in that home, the deed alone does not establish that Pillsbury was entitled to a 50% interest in 53rd Way and, thus, does not satisfy the statute of frauds. Although it was in writing, signed by both parties, and described the property, *see* A.R.S. § 44-101, tenants in common do not presumptively take an equal ownership interest. *See Becchelli v. Becchelli*, 109 Ariz. 229, 232 (1973), *superseded by statute on other grounds*, A.R.S. § 25-318, *as recognized in Jordan v. Jordan*, 132 Ariz. 38, 39 (1982); *Register v. Coleman*, 130 Ariz. 9, 12 (1981) (holding joint tenancy deed failed to contain alleged additional terms and conditions of an oral agreement and therefore did not satisfy statute of frauds).

**¶11** Pillsbury also argues questions of fact remained regarding her part-performance defense to the statute of frauds. The part-performance defense applies, however, only if the parties' acts are "inconsistent with all other explanations." *See Owens*, 218 Ariz. at 227, ¶ 18 ("If the alleged acts do not conclusively establish that a contract exists, reliance upon them would circumvent the evidentiary function of the statute [of frauds]."); *see also William Henry Brophy Coll. v. Tovar*, 127 Ariz. 191, 194 (App. 1980) ("[T]he part performance alleged must be unequivocally referable solely to the oral contract."). Deciding whether conduct is "sufficient to constitute part performance is a question of law."

*Roe v. Austin,* 246 Ariz. 21, 25, ¶ 9 (App. 2018) (citing *William Henry Brophy Coll.,* 127 Ariz. at 194).

**¶12**         According to Pillsbury, the parties partly performed the oral agreements when (1) she paid and Butler accepted $65,000 towards the purchase of the 53rd Way property; (2) she entered into a 20-year solar panel lease in her own name; (3) she paid the party's living expenses through July 2019 even though she had far less financial means than Butler; and (4) Butler not only told her, but also told others that the 27th Street property was Pillsbury's and that he had made arrangements so she could afford to keep it. However, these actions and statements also would be consistent with an agreement that Pillsbury owned an interest proportionate to her $65,000 contribution or that she would take the properties *upon Butler's death*, which is also consistent with the tenants in common and the beneficiary deeds.

**¶13**         Pillsbury contends that her part performance can be viewed as consistent with the oral agreement she alleged and not, as the court found, consistent with two people cohabitating in a romantic relationship. But the relevant inquiry is whether the acts can *only* be explained by the existence of the oral agreements Pillsbury claims, *i.e.*, 50% ownership of 53rd Way property, 100% ownership of 27th Street property, and payments of $2,000 per month until 2039 if the parties split up. *See Roe,* 246 Ariz. at 25, ¶ 11; *Owens,* 218 Ariz. at 226–27, ¶¶ 16, 18. Whether one explanation is more persuasive is irrelevant. *Roe,* 246 Ariz. at 25–26, ¶¶ 11–12; *Owens,* 218 Ariz. at 228, ¶ 23. Pillsbury did not show that the parties' actions are consistent only with the alleged oral agreements. Therefore, we affirm summary judgment in Butler's favor on the contract claims.

**II.     The Parties Shared Equal Ownership of Both Properties and Butler Is Entitled to Reimbursement of the 27th Street Purchase Money.**

**¶14**         The superior court held a bench trial on Pillsbury's claim for unjust enrichment, and on Butler's counterclaims for declaratory judgment and partition. Pillsbury does not appeal the judgment against her on her claim for unjust enrichment. Although she argued that the superior court erred by failing to have a jury decide factual issues raised by Butler's counterclaims, at oral argument, both parties agreed we need not decide that issue.

**¶15**         Because this case was tried to the bench, we review the trial court's findings for clear error and will affirm if the court's decision is supported by any substantial evidence. *Castro v. Ballasteros-Suarez*, 222 Ariz.

48, 51–52, ¶ 11 (App. 2009). This court "defer[s] to the trial court with respect to any factual findings explicitly or implicitly made, affirming them so long as they are not clearly erroneous, even if substantial conflicting evidence exists." *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 537, ¶ 10 (App. 2004). We will affirm the trial court's judgment if it is correct for any reason. *S&S Paving and Constr., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016).

¶16 In ruling on Butler's declaratory judgment and partition claims, the court determined that the parties shared equal ownership of both properties and that they both intended to use the proceeds from the sale of the 53rd Way home to repay Butler for purchasing the 27th Street property. To that end, the court ordered the proceeds from the sale of the 53rd Way home ($501,530.72) held in escrow until the 27th Street home is sold. Upon sale, the escrowed amount would be divided equally between the parties and the first $501,530.72 of the sale proceeds from the 27th Street house would go to Butler to reimburse him for having paid for that home. Any remainder of the proceeds would be divided equally between the parties.

¶17 Pillsbury does not dispute the court's finding that she and Butler share equal ownership of the two homes. She made that concession in the findings of fact she submitted to the superior court after trial, in which she stated that the parties shared equal interests in the properties. Instead, Pillsbury objects to the order requiring that Butler be reimbursed $501,530.72 toward the amount that he paid to purchase the 27th Street home. For his part, Butler does not object to the reimbursement provision but argues the court's 50-50 division of interests in the two properties was not supported by the evidence. He contends that the parties' respective shares instead should be determined by their proportionate financial contribution to the properties. *See Becchelli*, 109 Ariz. at 232.

¶18 The court's reimbursement ruling is supported by substantial evidence. Indeed, Pillsbury's reply brief concedes that the evidence before the court could support "the existence of an agreement between the parties to pay Butler back for the purchase of the second house from the sale proceeds of the first house." Pillsbury argues that such an agreement could not survive the statute of frauds, but she provides no legal authority for the proposition that an agreement to reimburse another for money paid to purchase real property is within the statute of frauds. *See* A.R.S. § 44-101.

¶19 Nor did the superior court err by deciding that the parties shared equal ownership interests in the two properties. *See McCready v.*

*McCready*, 168 Ariz. 1, 3 (App. 1991) ("The fundamental objective in a partition action is to divide the property so as to be fair and equitable and confer no unfair advantage on any of the cotenants.") (citations omitted).

**¶20**     Butler argues the court erred by failing to adopt his argument that the parties' interests in the two properties should be divided in proportion to their respective financial contributions to the properties. He cites *Becchelli* for the "general rule" that, when one pays for property that is taken in the name of another, there is a presumption that the property was taken in trust for the benefit of the one who financed the purchase. 109 Ariz. at 232. Assuming for purposes of argument that rule might apply here, the result would merely be a presumption that may be overcome by contrary evidence. *See* Restatement (Third) of Trusts § 9(1)(a) & cmts. a, d; *see also* 76 Am. Jur. 2d *Trusts* § 149 (2021) ("A purchase-money resulting trust does not arise, however, if the person who paid the purchase price manifests an intention that no resulting trust arise.").

**¶21**     The evidence before the superior court on this issue certainly was contradictory. The record showed the parties had modified the deeds reflecting their respective ownership interests several times before they settled on tenants in common. Further, Butler signed beneficiary deeds granting his interest in the homes to Pillsbury upon his death and had allowed Pillsbury to name her adult son as the beneficiary of her interest in the properties upon her death. Finally, Butler conceded in a deposition that he and Pillsbury might own equal shares in the properties, and at trial, he was unable to articulate what percentage of ownership interests he understood he and Pillsbury shared.

**¶22**     The superior court issued its ruling after thoroughly reviewing the parties' evidence and hearing two days of testimony. The court found the parties were equal co-owners of both the 53rd Way and the 27th Street properties. It is undisputed Butler paid the entire purchase price for the 27th Street property. The court found, and Pillsbury conceded, that the parties intended that Butler would receive the proceeds of the 53rd Way home to offset what he paid for the 27th Street home. Consistent with that finding, the court correctly allocated to Butler the first $501,530.72 from the sale of the 27th Street property and found that, as equal co-owners of that home, the parties were to equally split any remaining sale proceeds.

**¶23**     While the issues at trial were hotly contested, the court's rulings are supported by substantial evidence including the deeds and the parties' respective testimony. Although Butler argues that the court adopted a position for which neither party advocated, we cannot conclude

that the court erred when it chose not to fully accept either party's view of the facts.

### III.    The Superior Court Properly Denied the Motion to Amend.

**¶24**        Immediately after trial, Pillsbury asked to amend the complaint to add a fraud claim based on the evidence at trial. *See* Ariz. R. Civ. P. 15(b)(2). She argued that Butler testified at trial that he never intended to go through with his promise to revise his estate plan to provide Pillsbury $2,000 per month, thus establishing his intent for purposes of fraud. The superior court denied leave to amend, finding the issue was not tried by implied consent and, alternatively, that the evidence did not support a fraud claim. We affirm the denial of leave to amend absent an abuse of discretion. *MacCollum v. Perkinson,* 185 Ariz. 179, 185 (App. 1996).

**¶25**        Contrary to Pillsbury's argument, Butler did not expressly consent to try a fraud claim. Nor can Butler's consent be implied by his testimony because the evidence Pillsbury cites was also relevant to the unjust-enrichment claim. "[P]ermitting evidence relevant to an existing issue to be admitted without objection does not constitute 'implied consent' to trial of an issue which has not been raised." *Magma Copper Co. v. Indus. Comm'n of Ariz.,* 139 Ariz. 38, 47 (1983); *see also Bujanda v. Montgomery Ward & Co., Inc.,* 125 Ariz. 314, 316 (App. 1980) (consent cannot be implied "by admission without objection of evidence relevant to an issue within the pleadings"). We affirm the denial of the motion to amend the complaint.

### IV.    Attorneys' Fees and Costs.

**¶26**        Both parties requested attorneys' fees and costs prior to trial—Butler under A.R.S. §§ 12-341 and -341.01; Pillsbury without citing a relevant statute. The superior court denied them without comment.  Butler argues on cross appeal that the court erred by failing to state its reasons for denying fees and that awarding him costs was mandatory.

**¶27**        "In any contested action arising out of a contract, express or implied, the court *may* award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A) (emphasis added). "The decision as to who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court, and will not be disturbed on appeal if any reasonable basis exists for it." *Sanborn v. Brooker & Wake Prop. Mgmt., Inc.,* 178 Ariz. 425, 430 (App. 1994). Additionally, "we will affirm the trial court's decision if it is correct for any reason." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.,* 140 Ariz. 174, 178 (App. 1984). "The successful party to a civil action

*shall* recover from his adversary all costs expended or incurred therein unless otherwise provided by law." A.R.S. § 12-341 (emphasis added).

¶28　　　　As indicated above, the award of attorneys' fees under A.R.S. § 12-341.01(A) is discretionary. Although the superior court offered no explanation for its denial of fees, the record clearly indicates that the contested issues were resolved both for and against each party with neither clearly prevailing. We therefore affirm the court's denial of attorneys' fees.

¶29　　　　Butler also contends that Pillsbury rejected a written settlement offer that was better than the award she received at trial, making him the prevailing party as a matter of law. A.R.S. § 12-341.01(A). However, Butler conceded there is no confirmation in the record of his settlement offers to Pillsbury. Additionally, he filed no offer of judgment. *See* Ariz. R. Civ. P. 68. Absent any record of the rejected settlement offers, we cannot say that Butler was the prevailing party as a matter of law or that the court erred by denying him costs.

¶30　　　　Because neither party has clearly prevailed on appeal, we deny both parties appellate fees and costs.

## CONCLUSION

¶31　　　　For the foregoing reasons, we affirm.

